Steven D. Meacham, Esq.
Nevada Bar No. 9863
Cary Domina, Esq.
Nevada Bar No. 10567
**PEEL BRIMLEY LLP**
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
Telephone : (702) 990-7272
Facsimile  : (702) 990-7273
smeacham@peelbrimley.com
cdomina@peelbrimley.com

*Attorneys for Plaintiff*
*AMES CONSTRUCTION, INC.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| AMES CONSTRUCTION, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY DEPARTMENT OF PUBLIC WORKS; DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants. | CASE NO.: 2:18-cv-00299-JCM-GWF<br><br><br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| CLARK COUNTY, a division of the State of Nevada,<br><br>Counter-Claimant,<br><br>vs.<br><br>AMES CONSTRUCTRUCTION, INC., a Minnesota corporation,<br><br>Counter-Defendant. | |

/ / /

/ / /

/ / /

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff/Counter-Defendant, AMES CONSTRUCTION, INC. ("AMES"), by and through its counsel of record, PEEL BRIMLEY LLP, and Defendants, CLARK COUNTY and CLARK COUNTY DEPARTMENT OF PUBLIC WORKS (collectively referred to as the "County"), by and through their counsel of record, BROWNSTEIN HYATT FARBER SCHRECK, LLP, hereby stipulate and agree that the use and handling of Confidential Information (as defined herein) in these proceedings shall be governed by and subject to the provisions below:

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in these Proceedings may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting these Proceedings would be warranted and consistent with FRCP 26(c) and the public policy under Federal Law and the State of Nevada. This Order shall be applicable to and govern all Confidential Information in any form (including without limitation information contained in or on any tangible thing) produced or disclosed by or on behalf of any producing party in connection with these Proceedings. This Order is not intended to foreclose any producing party's right to make a valid objection to any discovery request(s) on privacy, trade secret, or confidentiality grounds.

**2.   DEFINITIONS**

"Document" or "documents" means information, recordation and storage media *of any kind*, including, but not limited to, written, photographic, audio, video, magnetic, electronic, optical, or other media. This definition also includes, but is not limited to, written, audio, or video productions of oral statements or events; answers to requests for documents in lieu of submission of documents; and original versions and reproductions by whatever means.

The term "producing party" includes any party and any nonparty who produces information or documents incident to discovery in these Proceedings.

///

The term "these Proceedings" means the proceeding designated in the caption to this Order and all appeals or interlocutory proceedings arising out of the proceeding designated in the caption to this Order.

The term "Confidential Information" means:

a) confidential financial information and analyses, including information about employee compensation;

b) tax data;

c) confidential business information;

d) confidential bank statements;

e) confidential portions, if any, of minutes of meetings;

f) personal financial information; or

g) other personally or commercially sensitive or proprietary information such as trade secrets or market strategies.

**3.   SCOPE**

The protections conferred by this Stipulated Confidentiality Agreement and Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the parties or their counsel to or in court or in other settings that reveal Confidential Information.

All material designated as "Confidential" or information derived therefrom, shall be used solely for purposes of these Proceedings and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

**4.   DURATION**

Even after the termination or settlement of these Proceedings, the confidentiality obligations imposed by this Stipulated Confidentiality Agreement and Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs.

///

1  **5.    DESIGNATING CONFIDENTIAL INFORMATION**

<u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Confidentiality Agreement and Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Confidentiality Agreement and Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Stipulated Confidentiality Agreement and Protective Order requires:

(a)   <u>Information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), may be designated by any party as Confidential Information by marking each page of the document so designated as "Confidential."  Parties other than the Producing Party may likewise designate such materials for confidential treatment by written notice.  A producing party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for production under this Stipulated Confidentiality Agreement and Protective Order, and before producing the specified documents, the producing party must mark each page of the document as "Confidential."

(b)   <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: Any party may designate deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is disclosed subject to the provisions of this Order.  The reporter shall mark all copies of the transcript "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and shall include a notice of the pages and lines of the transcript that should be treated as Confidential Information.

/ / /

/ / /

      i.      Any party may designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within thirty days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control.

      ii.      If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL," and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

      iii.      If the Court's rules require the filing of depositions with the Court or if such filing is required in a particular instance, any deposition transcript or exhibits containing Confidential Information shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and filed under seal.

(c) <u>Information produced in some form other than documentary, and for any other tangible items</u>, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend ("Confidential"). If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks, or backup tapes) and a legend cannot be affixed upon it, the producing party may designate such material as "Confidential" by cover letter identifying the Confidential Information. Parties other than the producing party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice.

///

(d) <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not waive the party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party(ies), on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. As used in this Order, an act is "timely" if it occurs within 10 days and does not unduly prejudice another party.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

<u>Timing of Challenges</u>. Unless a challenge to a producing party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge within 30 days after the original designation is disclosed.

<u>Meet and Confer</u>. If counsel for any party disagrees with the designation of Confidential Information by a producing party, counsel shall try first to resolve their dispute informally and in good faith.

<u>Judicial Intervention</u>. If counsel cannot resolve the dispute, the objecting party may seek appropriate relief from the Court. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed herein. The burden of persuasion in any such challenge proceeding shall be on the producing party. The information that is the subject of dispute or motion under this paragraph shall be treated as Confidential Information pending resolution of the objection by the Court.

///

///

///

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

All Confidential Information produced or exchanged by the parties or by third parties in the course of these Proceedings shall be used solely for the purpose of conducting these Proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

Confidential Information shall not be disclosed or communicated to anyone other than the following persons:

(a)     Attorneys of record for the parties in these Proceeding including the respective partners, of counsel, associates and employees of such attorneys to whom it is reasonably necessary that the material be shown for purposes of these Proceeding;

(b)     The parties in these Proceeding, including their respective officers, directors, employees, and agents.

(c)     Independent experts and consultants retained by a party to testify or perform other services in connection with these Proceedings, provided that such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A;

(d)     Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these Proceedings; and

(e)     Personnel of any Court, including judges, official reports, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these Proceedings.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the party must immediately (a) notify in writing the producing party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Confidential Information, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons return or destroy the Confidential Information; and (e) request such person or persons to execute the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A.

All parties who are entitled to disclosure of any Confidential Information shall not under any circumstances sell, offer for sale, advertise, or publicize the Confidential Information, or the fact that such persons have obtained Confidential Information from any producing party.

**9.    FILING PROTECTED MATERIAL**

Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. A party may file Confidential Information with the Court *under seal* by following the applicable court rules.

**10.   FINAL DISPOSITION**

Within thirty (30) days of the conclusion of these Proceedings, all Confidential Information shall be either: (1) returned to the producing party, or (2) destroyed under the supervision of counsel of record for the recipient. The Court is excluded from the requirements of this Paragraph.

**11.   MISCELLANEOUS**

Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

Right to Assert Other Objections. Nothing in this Order may be construed to restrict any Party's right to challenge the admissibility or use of Confidential Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege.

/ / /

/ / /

/ / /

This Order shall not bar any attorney of record in these Proceedings in the course of rendering advice to his/her client with respect to these Proceedings from conveying to any party to these Proceedings his/her general evaluation of any Confidential Information produced or exchanged in these Proceedings; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or third party which disclosure would be contrary to the terms of this Order.

Subpoenas and Other Court Orders. If Confidential Information in the possession of a Party is sought by subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such Confidential Information by compulsory process, the Party to whom the process is directed shall within three (3) business days give written notice of such process to the Party designating the information as confidential (the "Designating Person"), and shall not make production of such information until ten (10) business days after the Designating Person has received written notice of such process as required herein (unless otherwise ordered to do so by the court, administrative or legislative body, in which case the Party to whom such process is directed shall provide the Designating Person as much notice as reasonably possible while not violating such order). Compliance with any order directing production pursuant to a subpoena of any Confidential Information shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the party to whom a subpoena is directed or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Confidential Information covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

/ / /

/ / /

/ / /

<u>No Waiver.</u>  Notwithstanding any of the forgoing, nothing herein shall be construed as a waiver of any party's right to seek the disclosure of Confidential Information in other litigation involving that party through the applicable discovery rules and procedures governing that litigation.

**IT IS SO STIPULATED** this _____ day of August, 2018.

| **PEEL BRIMLEY LLP** | **BROWNSTEIN HYATT FARBER SCHRECK, LLP** |
|---|---|
| _/s/ Steven D. Meacham_<br>Steven D. Meacham, Esq.<br>Nevada Bar No. 9863<br>Cary Domina, Esq.<br>Nevada Bar No. 10567<br>3333 E. Serene Avenue, Suite 200<br>Henderson, Nevada 89074-6571<br>Telephone: (702) 990-7272<br>smeacham@peelbrimley.com<br>cdomina@peelbrimley.com<br><br>*Attorneys for Plaintiff*<br>*AMES CONSTRUCTION, INC.* | _/s/ Travis F. Chance_<br>Kirk B. Lenhard, Esq.<br>Nevada Bar No. 1437<br>Adam K. Bult, Esq.<br>Nevada Bar No. 9332<br>Travis F. Chance, Esq.<br>Nevada Bar No. 13800<br>100 North City Parkway, Suite 1600<br>Las Vegas, Nevada 89106<br>Telephone: (702) 382-2101<br>klenhard@bhfs.com<br>abult@bhfs.com<br>tchance@bhfs.com<br><br>*Attorneys for Defendants CLARK COUNTY and CLARK COUNTY DEPARTMENT OF PUBLIC WORKS* |

**ORDER**

**IT IS SO ORDERED** this this  **7th**  day of August, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| AMES CONSTRUCTION, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; and CLARK COUNTY DEPARTMENT OF PUBLIC WORKS; DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | CASE NO.: 2:18-cv-00299-JCM-GWF<br><br>**AGREEMENT TO BE BOUND BY AND COMPLY WITH PROTECTIVE ORDER** |

  I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") entered by the Court on August ___, 2018, and that I have been given a copy of and have read the Protective Order. I understand the terms of the Protective Order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court of Nevada for purposes of enforcement of the terms and restrictions of the Protective Order.

  I further acknowledge and agree that the terms of the Protective Order are enforceable against me as a contract by any party both during and after the conclusion of these Proceedings.

Date: _____

_____
Signature